IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTONIO R. WEATHERSBY**                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.: 2:22-cv-138-KS-MTP**

**INGALLS SHIPBUILDING**                                           **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motions for Leave Proceed *in forma pauperis* [2] [5] [10]. Having considered the submissions of Plaintiff and the applicable law, the undersigned recommends that the Motions be denied, and Plaintiff be directed to pay the filing fee.

On October 12, 2022, Plaintiff filed his Complaint [1] alleging employment discrimination against Ingalls Shipbuilding. Plaintiff moved to proceed *in forma pauperis* ("IFP") but did not list any employment history or income for the past two years despite the fact that Plaintiff has two recently filed lawsuits that are premised on discrimination during the course of his employment. *See Weathersby v. F.L. Crane & Sons*, 2:22-cv-124-KS-MTP (filed Sept. 14, 2022). The Court directed Plaintiff to fill out another IFP application, in full, on or before November 14, 2022, and to identify the means of supporting his existence, including his shelter, food, and other needs. *See* Order [3].

Plaintiff did not respond as directed. On December 6, 2022, the Court directed Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order. *See* Order to Show Cause [4]; The Court also directed Plaintiff to submit a complete IFP application on or before December 20, 2022. On December 21, 2022, Plaintiff responded to the Court's show cause order and submitted another IFP application. However, he again failed to

identify his employment history at F.L. Crane & Sons as identified in his other lawsuit. *See* Motion [5].

The Court again directed Plaintiff to fill out an IFP application, on or before February 6, 2023, and to "identify any employment history in the past two years." *See* Order [7]. Plaintiff did not file the IFP application as directed. On March 21, 2023, the Court directed Plaintiff to show cause why this matter should not be dismissed for his failure to comply with the Court's orders. *See* Order to Show Cause [8].

On April 14, 2023, Plaintiff responded to the Court's order and submitted another IFP application. The Court now has sufficient information before it to evaluate Plaintiff's financial status.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the Plaintiff's financial condition in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, 2009 WL 3431457 (S.D. Miss. 2009). "The granting or denying of *in forma pauperis*

proceedings of a civil nature is left to the sound discretion of the District Court." *Id*. (citing *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

In the Motion, Plaintiff states that he makes $14,000.00 a month. Giving Plaintiff the benefit of the doubt, the undersigned will assume that this is a simple scrivener's error, and that Plaintiff receives $14,000.00 per year. Plaintiff lists no dependents. Plaintiff also states that he receives food stamps, that he lives with family, and that he has no monthly expenses.

Plaintiff's monthly income far exceeds his expenses. Courts have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, 2013 WL 1704909 (M.D. Ga. April 19, 2013). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).

Plaintiff's financial status should allow him to pay the filing fee in order to commence this action without undue hardship. Under the circumstances presented, Plaintiff should not be permitted to proceed at taxpayer expense.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motions for Leave to Proceed *in forma pauperis* [2] [5] [10] be DENIED.

2. Plaintiff be given thirty (30) days to pay all of the costs associated with the filing of this lawsuit.

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 19th day of April, 2023.

                                                   s/Michael T. Parker
                                                   UNITED STATES MAGISTRATE JUDGE