IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTONIO R. WEATHERSBY**                                             **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:22-cv-138-KS-MTP**

**INGALLS SHIPBUILDING**                                      **DEFENDANT**

<u>**ORDER**</u>

On April 19, 2023, the Magistrate Judge entered his Report and Recommendation [11] in this matter, recommending that the Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2, 5, 10]. Objections were due by May 3, 2023, but Plaintiff did not file any objections to the Report and Recommendation. As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record, and the Court agrees with the Magistrate Judge's Report and Recommendation that the Motion to Proceed *in forma pauperis* be denied. However, the Court wishes to expound on its reasoning.

A district court may authorize the commencement of a civil suit without the payment of applicable fees and costs when a person has submitted an affidavit that they are unable to pay the fees of the court. 28 U.S.C. § 1915(a). In other words, a court has discretion to allow parties to proceed *in forma pauperis*. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In deciding whether or not to allow a party to proceed *in forma pauperis*, a court must determine whether ordering a party to pay the fees and costs of the court will cause an undue financial hardship by examining the party's financial resources against their liabilities. *Godwin v. Garland Independent School Dist.,* 988 F.2d 1210, 1210 (5th Cir. 1993) (per curiam). Additionally, "[t]here is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, No. 1:09cv272HSO-JMR, 2009 WL 3432457, at *1 (S.D. Miss. Oct. 23, 2009).

Plaintiff's reported monthly income far exceeds his reported monthly expenses. In Plaintiff's April IFP [10], Plaintiff reported $14,000 in monthly income. Judge Parker, giving Plaintiff the benefit of the doubt, ascribed this entry as a scrivener's error and assumed Plaintiff meant $1,400 per month. Plaintiff also claims to receive Food Stamp Assistance and disclosed no monthly expenses. Assuming *arguendo* that Judge Parker's determination on Plaintiff's monthly income is correct, one can only assume that Plaintiff pockets all $1,400 of his monthly earnings because he does not have any monthly expenses.

Judge Parker points to *Slaughter v. Vilsack*, where in this case, the court ordered the plaintiff to pay the court's filing fees even though the plaintiff's expenses exceeded his income. No. 4:12-cv-94 (CDL), 2013 WL 1704909, at *1 (M.D. Ga. Apr. 19, 2013). In *Slaughter*, the District Court for the Middle District of Georgia found that Plaintiff's expenses exceeded his income by $400. *Id.* Nevertheless, the court ordered the plaintiff to pay because he had not demonstrated that an undue financial hardship would occur if the court ordered him to pay. *Id.* Here, Plaintiff apparently has no monthly expenses and states that he currently earns $1,400 a month. As a result, one can only assume that Plaintiff has $1,400 a month at his disposal. Thus, Plaintiff would not experience undue financial hardship because he has the financial capabilities to pay the Court filing fees for bringing this action.

Based on the foregoing, as well as the Report and Recommendation, the Court finds that the Plaintiff's financial status allows him to pay the filing fee and commence this action without undue financial hardship. After reviewing the Report and Recommendation, the Court agrees with the Magistrate Judge's proposed findings of fact and conclusions of law and finds that they are neither clearly erroneous nor contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Therefore, the Court accepts, approves, and adopts the factual findings and

legal conclusions contained in the Report and Recommendation entered by United States Magistrate Judge Michael T. Parker pursuant to 28 U.S.C. § 636(b)(1).

It is hereby ORDERED that the Motions for Leave to Proceed *in forma pauperis* [2, 5, 10] are **denied**. Plaintiff shall have **30 days** from the date of this Order to pay all costs associated with the filing of this lawsuit. Payment may be made incrementally or in one lump sum. Should plaintiff fail to pay all such costs on or before **July 5, 2023,** this matter will be dismissed without prejudice and without further notice.

SO ORDERED AND ADJUDGED this 5th day of June 2023.

    /s/Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE